**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| MICHAEL T. GULLINESE, | : | Civil No. 11-7565 (RMB) |
| Petitioner, | : | |
| v. | : | |
| DONNA ZICKEFOOSE, | : | **MEMORANDUM OPINION** |
| Respondent. | : | **AND ORDER** |

**Bumb**, United States District Judge:

IT APPEARING THAT:

1.    Petitioner Michael T. Gullinese ("Petitioner"), a federal
      prisoner currently confined at the Federal Correctional
      Institution at Fort Dix, New Jersey, has submitted a
      petition for a writ of <u>habeas</u> <u>corpus</u> ("Petition"), pursuant
      to 28 U.S.C. § 2241.  <u>See</u> Docket Entry No. 1.

2.    The Petition arrived unaccompanied by Petitioner's filing
      fee or by his <u>in</u> <u>forma</u> <u>pauperis</u> application.  <u>See</u> <u>id.</u>
      Correspondingly, this Court denied Petitioner <u>in</u> <u>forma</u>
      <u>pauperis</u> status without prejudice.  <u>See</u> Docket Entry No. 2.

3.    In response, Petitioner duly submitted his <u>in</u> <u>forma</u> <u>pauperis</u>
      application.  <u>See</u> Docket Entry No. 3.  The Court, therefore,
      will allow Petitioner to proceed in this matter without
      prepayment of filing fee.

4.   Substantively, Petitioner's challenges could be reduced to

     the statement that Petitioner sought – but was denied by the

     Bureau of Prisons ("BOP") – credit for the pretrial period

     Petitioner spent on bond and in home confinement (i.e., for

     the period from December 1, 2009, to November 10, 2010).[1]

     See Docket Entry No. 1.  Petitioner's argument in support of

     getting the aforesaid credit consists, essentially, of his

     belief that the conditions of his home confinement have to

     be qualified by this Court as "official detention" within

     the meaning of 18 U.S.C. § 3585(b) simply because Petitioner

     believes that those conditions were effectively equal to

     being in prison.  See id. at 5.  Specifically, Petitioner

     maintains that he was under 24/7 electronic surveillance,

     "had to report daily to the court," "regularly report[ed] to

     a probation officer" and had to take a few "urine analysis

     tests."[2]  Id.  That being said, Petitioner admits that "he

_____

     [1]  It appears that Petitioner was arrested on November 30,
2009, and made bond the next day.  See USA v. Gullinese, Crim.
Action No. 09-0635 (NAM) (N.D.N.Y.), Docket Entries Nos. 3 and 4.
On November 30, 2010, Judge Norman A. Mordue ("Judge Mordue"),
who presided over Petitioner's federal criminal proceedings,
directed Petitioner's surrender to the BOP custody by December 1,
2010.  See id., Docket Entry No. 30.  Petitioner was sentenced by
Judge Mordue to 60 months imprisonment, with life-time supervised
released under standard and additional special conditions; that
sentence was entered upon Petitioner's conviction on the charges
of receipt and possession of child pornography.  See id., Docket
Entries Nos. 1 and 29.

     [2] This Court: (a) makes no finding as to the veracity of
Petitioner's factual assertions, since such finding is not

was allowed to be employed [during the entirety of his more-
than-eleven-months home confinement and, in addition] had
four hours [each] week for personal time [which hours
Petitioner, allegedly, utilized] to obtain the necessities
of life."  Id.

5.    Petitioner duly exhausted his administrative remedies.  See
id. at 9.  Addressing Petitioner's appeal (as to the denial
of the requested credit by his warden and by the Regional
BOP Office), the Central Office of the BOP pointed out that
Petitioner's request was facially barred by the BOP Program
Statement 5880.28 ("P.S. 5880.28") and by the Supreme Court
decision in Reno v. Koray, 515 U.S. 50 (1995).[3]  See Docket
Entry No. 1, at 9.

6.    As he did during his administrative proceedings, Petitioner
now argues that the BOP erred in its reading of Reno v.
Koray as applicable to Petitioner's circumstances because

---

required for the purposes of the analysis at hand; and, thus (b)
presumes that all Petitioner's factual allegations were true.
The Court, however, notes that it is not entirely clear as to how
and to whom Petitioner could have reported "on a daily basis."

[3] For the purposes of this Court's analysis, a detailed
examination of P.S. 5880.28 is not required, and it shall merely
suffice to state that the BOP's interpretation of Section 3585(b)
enabling mandate, as manifested in the language of P.S. 5880.28
and as applied to Petitioner's circumstances, was a permissible
construction free from administrative abuse of the Agency's
discretion and, as such, it warrants this Court's deference under
the holding of Chevron U.S.A. Inc. v. Natural Resources Defense
Council, Inc., 467 U.S. 837, 842-43 (1984).

"Petitioner['s] . . . confinement was sufficiently

restrictive."  Id. at 6 -7 (relying on United States v.

Londono-Cardona, 759 F. Supp. 60 (D.P.R. 1991)).[4]

7.   Petitioner's position is without merit, since he errs in

     both his reading of Koray and his belief as to the validity

     of the Londono-Cardona ruling.[5]

     a.   While Petitioner invites this Court to examine his home

          confinement, Koray outright bars the Court from such an

          exercise.  See United States v. Rome, 384 F. App'x 135,

          139 (3d Cir. 2010).  In Rome, addressing an inmate's

          challenges substantively indistinguishable from those

          at bar, the Court of Appeals pointed out that the

          holding of Koray was a blanket rule that derived from

_____

[4] Since Petitioner did not elaborate on the meaning of his
"sufficiently restrictive" phrase, this Court presumes that
Petitioner's somewhat puzzling statements was meant to assert
that his home confinement conditions were so much more
restrictive than those examined in Koray that the very holding of
Koray is facially inapposite to Petitioner's challenge.

[5] The holding of Koray, being a Supreme Court precedent, is
necessarily binding on this Court.  The holding of
Londono-Cardona, being a decision issued by a trial-level court
which is neither this Court nor even a court within this
District, could have – at most – a persuasive value with no
binding effect.  See Animal Sci. Prods. v. China Nat'l Metals &
Minerals Imp. & Exp. Corp., 702 F. Supp. 2d 320, 402-08 (D.N.J.
2010) (providing a detail discussion of the doctrine of stare
decisis in its two applications, vertical and horizontal).
However, being mindful of Petitioner's pro se litigant status and
the confusion Petitioner might experience allocating value to the
Londono-Cardona decision, this Court finds it warranted to
address Petitioner's position based on Londono-Cardona.

the policies examined by the Supreme Court and

expressly invalidated a district court's resort to the

case-by-case approach.

> [I]n <u>Reno v. Koray</u>, the Supreme Court held
> that a defendant is not entitled under 18
> U.S.C. § 3585(b) to credit against his
> sentence for time that he spent in pretrial
> release at a community treatment center [or
> home confinement] because a community
> treatment center [or one's private home] is
> not "official detention," as § 3585(b)
> requires. [<u>See</u>] 515 U.S. [at] 56.  The
> Supreme Court overturned [the Third Circuit]
> decision in the [underlying] case, [<u>see</u>]
> <u>Koray v. Sizer</u>, 21 F.3d 558, 567 (3d Cir.
> 1994) ([where the Third Circuit held:] "we
> conclude that 'official detention' for
> purposes of credit under 18 U.S.C. § 3585
> includes time spent under conditions of
> jail-type confinement").  In reversing that
> [underlying] decision, the Supreme Court
> stated, among other concerns, that
> determining whether each defendant had been
> in "'jail-type confinement' would require a
> fact-intensive inquiry into the circumstances
> of confinement, an inquiry based on
> information in the hands of private entities
> not available to the Bureau as a matter of
> right."  <u>Koray</u>, 515 U.S. at 64. [Here,
> Petitioner] asks us to examine his personal
> situation and the specific facts of his time
> in community confinement, but the Government
> aptly argues that he thus offers a prime
> example of the Supreme Court's concern in
> <u>Koray</u>. . . . [Petitioner's position is
> without merit because] imprisonment is a
> sentencing sanction [qualitatively] distinct
> from community confinement [or from home
> confinement].  For all of these reasons, we
> reject [Petitioner]'s . . . argument.

<u>Rome</u>, 384 F. App'x at 139-40.  Therefore, Petitioner's

position that the BOP incorrectly applied <u>Koray</u> to

Petitioner's request for credit on the basis of his
pretrial home detention is wholly without merit.

b.   Petitioner's reliance on <u>Londono-Cardona</u> only
highlights the shortcomings of Petitioner's position.
<u>Londono-Cardona</u> (a decision issued by the District of
Puerto Rico in 1991, that is, four years *prior* to the
Supreme Court's ruling in <u>Koray</u>) was immediately and
expressly disavowed by the United States Court of
Appeals for the First Circuit, <u>i.e.</u>, the circuit court
having appellate jurisdiction over the District of
Puerto Rico.   <u>See</u> <u>United States v. Zackular</u>, 945 F.2d
423, 425 n.2 (1st Cir. 1991) ("[One] district court in
this circuit has held, with respect to a pretrial
detainee, that time spent under house arrest, wearing
an electronic bracelet, counts as official detention
under section 3585.   <u>See</u> <u>United States v.
Londono-Cardona</u>, 759 F. Supp. 60, 63 (D.P.R. 1991).   We
think the case was wrongly decided").   Therefore,
<u>Londono-Cardona</u> is not good law and has not been good
law since 1991.   Petitioner's reliance on the holding
expressly invalidated as erroneous only highlights the
invalidity of Petitioner's position.

8.   In light of the foregoing, Petitioner's position (that the
BOP erred in denying him credit for the pretrial period he

had spent in home confinement) is facially deficient.

Habeas Rule 4 requires a judge to <u>sua</u> <u>sponte</u> dismiss a

petition without ordering a responsive pleading "[i]f it

plainly appears from the petition and any attached exhibits

that the petitioner is not entitled to relief in the

district court."  28 U.S.C. § 2254 Rule 4, applicable

through Rule 1(b).  Thus, "[f]ederal courts are authorized

to dismiss summarily any habeas  petition that appears

legally insufficient on its face."  <u>McFarland v. Scott</u>, 512

U.S. 849, 856 (1994); <u>see</u> <u>also</u> <u>Siers v. Ryan</u>, 773 F.2d 37,

45 (3d Cir. 1985) ((dismissal without the filing of an

answer is warranted when "it appears on the face of the

petition that petitioner is not entitled to [habeas]

relief"), <u>cert.</u> <u>denied</u>, 490 U.S. 1025 (1989); <u>accord</u> <u>United</u>

<u>States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000) (habeas

petition may be dismissed where "none of the grounds alleged

in the petition would entitle [petitioner] to [habeas]

relief").  Here, the invalidity of Petitioner's claim is

evident from the face of his Petition.  This Court,

therefore, finds no basis for directing responsive pleadings

and will dismiss Petitioner's challenges summarily.

IT IS on this <u>27th</u> day of <u>September 2012</u>, hereby:

ORDERED that, in light of Petitioner's submission of his <u>in</u>

<u>forma</u> <u>pauperis</u> application, the Clerk shall reopen this matter by

making a new and separate entry on the docket reading, "CIVIL

CASE REOPENED"; and it is further

ORDERED that Petitioner's application to proceed in this

matter <u>in</u> <u>forma</u> <u>pauperis</u>, Docket Entry No. 3, is granted; and it

is further

ORDERED that Petitioner's application for habeas relief,

Docket Entry No. 1, is denied for failure to assert a violation

of Petitioner's federal rights; and it is further

ORDERED that the Clerk shall close the file on this matter

by making a new and separate entry on the docket reading, "CIVIL

CASE CLOSED"; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion

and Order upon Petitioner by regular U.S. mail.


                                    s/Renée Marie Bumb
                                    RENEE MARIE BUMB
                                    United States District Judge