```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MICHAEL T. GULLINESE, : | Civil No. 11-7565 (RMB) |
| Petitioner, : |  |
| v. : |  |
| DONNA ZICKEFOOSE, : | **MEMORANDUM OPINION** |
| Respondent. : | **AND ORDER** |

**Bumb**, United States District Judge:

IT APPEARING THAT:

1. Petitioner Michael T. Gullinese ("Petitioner"), a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of <u>habeas</u> <u>corpus</u> ("Petition"), pursuant to 28 U.S.C. § 2241.  <u>See</u> Docket Entry No. 1.

2. The Petition arrived unaccompanied by Petitioner's filing fee or by his <u>in</u> <u>forma</u> <u>pauperis</u> application.  <u>See</u> <u>id.</u>  Correspondingly, this Court denied Petitioner <u>in</u> <u>forma</u> <u>pauperis</u> status without prejudice.  <u>See</u> Docket Entry No. 2.

3. In response, Petitioner duly submitted his <u>in</u> <u>forma</u> <u>pauperis</u> application.  <u>See</u> Docket Entry No. 3.  The Court, therefore, will allow Petitioner to proceed in this matter without prepayment of filing fee.

4.  Substantively, Petitioner's challenges could be reduced to the statement that Petitioner sought – but was denied by the Bureau of Prisons ("BOP") – credit for the pretrial period Petitioner spent on bond and in home confinement (i.e., for the period from December 1, 2009, to November 10, 2010).[1] See Docket Entry No. 1.  Petitioner's argument in support of getting the aforesaid credit consists, essentially, of his belief that the conditions of his home confinement have to be qualified by this Court as "official detention" within the meaning of 18 U.S.C. § 3585(b) simply because Petitioner believes that those conditions were effectively equal to being in prison.  See id. at 5.  Specifically, Petitioner maintains that he was under 24/7 electronic surveillance, "had to report daily to the court," "regularly report[ed] to a probation officer" and had to take a few "urine analysis tests."[2]  Id.  That being said, Petitioner admits that "he

---

[1]  It appears that Petitioner was arrested on November 30, 2009, and made bond the next day.  See USA v. Gullinese, Crim. Action No. 09-0635 (NAM) (N.D.N.Y.), Docket Entries Nos. 3 and 4.  On November 30, 2010, Judge Norman A. Mordue ("Judge Mordue"), who presided over Petitioner's federal criminal proceedings, directed Petitioner's surrender to the BOP custody by December 1, 2010.  See id., Docket Entry No. 30.  Petitioner was sentenced by Judge Mordue to 60 months imprisonment, with life-time supervised released under standard and additional special conditions; that sentence was entered upon Petitioner's conviction on the charges of receipt and possession of child pornography.  See id., Docket Entries Nos. 1 and 29.

[2]  This Court: (a) makes no finding as to the veracity of Petitioner's factual assertions, since such finding is not

|   |   |
|---|---|
|   | was allowed to be employed [during the entirety of his more-than-eleven-months home confinement and, in addition] had four hours [each] week for personal time [which hours Petitioner, allegedly, utilized] to obtain the necessities of life." <u>Id.</u> |
| 5. | Petitioner duly exhausted his administrative remedies. <u>See id.</u> at 9. Addressing Petitioner's appeal (as to the denial of the requested credit by his warden and by the Regional BOP Office), the Central Office of the BOP pointed out that Petitioner's request was facially barred by the BOP Program Statement 5880.28 ("P.S. 5880.28") and by the Supreme Court decision in <u>Reno v. Koray</u>, 515 U.S. 50 (1995).[3] <u>See</u> Docket Entry No. 1, at 9. |
| 6. | As he did during his administrative proceedings, Petitioner now argues that the BOP erred in its reading of <u>Reno v. Koray</u> as applicable to Petitioner's circumstances because |

---

required for the purposes of the analysis at hand; and, thus (b) presumes that all Petitioner's factual allegations were true. The Court, however, notes that it is not entirely clear as to how and to whom Petitioner could have reported "on a daily basis."

[3] For the purposes of this Court's analysis, a detailed examination of P.S. 5880.28 is not required, and it shall merely suffice to state that the BOP's interpretation of Section 3585(b) enabling mandate, as manifested in the language of P.S. 5880.28 and as applied to Petitioner's circumstances, was a permissible construction free from administrative abuse of the Agency's discretion and, as such, it warrants this Court's deference under the holding of <u>Chevron U.S.A. Inc. v. Natural Resources Defense Council,</u> Inc., 467 U.S. 837, 842-43 (1984).

> "Petitioner['s] . . . confinement was sufficiently restrictive." Id. at 6 -7 (relying on United States v. Londono-Cardona, 759 F. Supp. 60 (D.P.R. 1991)).[4]

7. Petitioner's position is without merit, since he errs in both his reading of Koray and his belief as to the validity of the Londono-Cardona ruling.[5]

   a. While Petitioner invites this Court to examine his home confinement, Koray outright bars the Court from such an exercise. See United States v. Rome, 384 F. App'x 135, 139 (3d Cir. 2010). In Rome, addressing an inmate's challenges substantively indistinguishable from those at bar, the Court of Appeals pointed out that the holding of Koray was a blanket rule that derived from

---

[4] Since Petitioner did not elaborate on the meaning of his "sufficiently restrictive" phrase, this Court presumes that Petitioner's somewhat puzzling statements was meant to assert that his home confinement conditions were so much more restrictive than those examined in Koray that the very holding of Koray is facially inapposite to Petitioner's challenge.

[5] The holding of Koray, being a Supreme Court precedent, is necessarily binding on this Court. The holding of Londono-Cardona, being a decision issued by a trial-level court which is neither this Court nor even a court within this District, could have – at most – a persuasive value with no binding effect. See Animal Sci. Prods. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 702 F. Supp. 2d 320, 402-08 (D.N.J. 2010) (providing a detail discussion of the doctrine of stare decisis in its two applications, vertical and horizontal). However, being mindful of Petitioner's pro se litigant status and the confusion Petitioner might experience allocating value to the Londono-Cardona decision, this Court finds it warranted to address Petitioner's position based on Londono-Cardona.

the policies examined by the Supreme Court and expressly invalidated a district court's resort to the case-by-case approach.

> [I]n <u>Reno v. Koray</u>, the Supreme Court held that a defendant is not entitled under 18 U.S.C. § 3585(b) to credit against his sentence for time that he spent in pretrial release at a community treatment center [or home confinement] because a community treatment center [or one's private home] is not "official detention," as § 3585(b) requires. [<u>See</u>] 515 U.S. [at] 56.  The Supreme Court overturned [the Third Circuit] decision in the [underlying] case, [<u>see</u>] <u>Koray v. Sizer</u>, 21 F.3d 558, 567 (3d Cir. 1994) ([where the Third Circuit held:] "we conclude that 'official detention' for purposes of credit under 18 U.S.C. § 3585 includes time spent under conditions of jail-type confinement").  In reversing that [underlying] decision, the Supreme Court stated, among other concerns, that determining whether each defendant had been in "'jail-type confinement' would require a fact-intensive inquiry into the circumstances of confinement, an inquiry based on information in the hands of private entities not available to the Bureau as a matter of right."  <u>Koray</u>, 515 U.S. at 64. [Here, Petitioner] asks us to examine his personal situation and the specific facts of his time in community confinement, but the Government aptly argues that he thus offers a prime example of the Supreme Court's concern in <u>Koray</u>. . . . [Petitioner's position is without merit because] imprisonment is a sentencing sanction [qualitatively] distinct from community confinement [or from home confinement].  For all of these reasons, we reject [Petitioner]'s . . . argument.

<u>Rome</u>, 384 F. App'x at 139-40.  Therefore, Petitioner's position that the BOP incorrectly applied <u>Koray</u> to

        Petitioner's request for credit on the basis of his pretrial home detention is wholly without merit.

    b.  Petitioner's reliance on Londono-Cardona only highlights the shortcomings of Petitioner's position. Londono-Cardona (a decision issued by the District of Puerto Rico in 1991, that is, four years *prior* to the Supreme Court's ruling in Koray) was immediately and expressly disavowed by the United States Court of Appeals for the First Circuit, i.e., the circuit court having appellate jurisdiction over the District of Puerto Rico. See United States v. Zackular, 945 F.2d 423, 425 n.2 (1st Cir. 1991) ("[One] district court in this circuit has held, with respect to a pretrial detainee, that time spent under house arrest, wearing an electronic bracelet, counts as official detention under section 3585. See United States v. Londono-Cardona, 759 F. Supp. 60, 63 (D.P.R. 1991). We think the case was wrongly decided"). Therefore, Londono-Cardona is not good law and has not been good law since 1991. Petitioner's reliance on the holding expressly invalidated as erroneous only highlights the invalidity of Petitioner's position.

8.  In light of the foregoing, Petitioner's position (that the BOP erred in denying him credit for the pretrial period he

had spent in home confinement) is facially deficient. Habeas Rule 4 requires a judge to <u>sua sponte</u> dismiss a petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994); <u>see also</u> <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985) ((dismissal without the filing of an answer is warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief"), <u>cert. denied</u>, 490 U.S. 1025 (1989); <u>accord</u> <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief"). Here, the invalidity of Petitioner's claim is evident from the face of his Petition. This Court, therefore, finds no basis for directing responsive pleadings and will dismiss Petitioner's challenges summarily.

IT IS on this <u>27th</u> day of <u>September 2012</u>, hereby:

ORDERED that, in light of Petitioner's submission of his <u>in forma pauperis</u> application, the Clerk shall reopen this matter by

making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

ORDERED that Petitioner's application to proceed in this matter <u>in</u> <u>forma</u> <u>pauperis</u>, Docket Entry No. 3, is granted; and it is further

ORDERED that Petitioner's application for habeas relief, Docket Entry No. 1, is denied for failure to assert a violation of Petitioner's federal rights; and it is further

ORDERED that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED"; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail.

<u>s/Renée Marie Bumb</u>
RENEE MARIE BUMB
United States District Judge